**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

PAUL J. RISSETTO, RACHEL M.
RISETTO,

                      Plaintiffs,           No. 8:15-CV-720
                                                   (CFH)

    v.

CLINTON ESSEX WARREN WASHINGTON
BOARD OF COOPERATIVE EDUCATIONAL
SERVICES, et al.,

                      Defendants.

---

APPEARANCES:                                OF COUNSEL:

The Steele Law Firm PC               KIMBERLY A. STEELE, ESQ.
949 County Route 53
Oswego, New York 13126
Attorneys for Plaintiffs

Burke Scolamiero Law Firm          JUDITH B. AUMAND, ESQ.
7 Washington Square                  THOMAS J. MORTATI, ESQ.
Albany, New York 12205

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

# MEMORANDUM-DECISION & ORDER[1]

## I. Background

Presently pending before the Court is plaintiffs' Motion to Amend the Verified

---

[1] Pursuant to 28 U.S.C. § 636(c), FED. R. CIV. P. 73, and N.D.N.Y.L.R. 72.2(b), the parties have consented to disposition of this matter by a Magistrate Judge. Dkt. No. 106.

Complaint. Dkt. No. 87, 119.[2] Defendants Clamser, Clinton Essex Warren Washington Board of Cooperative Educational Services ("BOCES"), Mark Davey, and Teresa Calabrese Gray (collectively "defendants" or "BOCES defendants" where appropriate) opposed. Dkt. No. 92. Plaintiffs filed a Reply. Dkt. No. 93. For the reasons that follow, plaintiffs' motion is granted.

## II. Legal Standard

The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provide that courts "should freely give leave" to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." Williams v. Citigroup Inc., 659 F. 3d 208, 212-13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000). However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); Monahan, 214 F.3d at 283. An amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Fed. R. Civ. P..

---

[2] Following a conference with all parties in attendance, plaintiff submitted dkt. no. 119, to clarify the remaining defendants and claims still pending in the Motion to Amend following plaintiff's settlement with the County defendants and those claims previously dismissed by the Court. See Text Min. Entry Dated July 20, 2017; Dkt. No. 119. The County defendants have been terminated from this action by reason of settlement. Id. at 1; Dkt. No. 109.

Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)); see also Malesko v. Corr. Serv. Corp., 229 F.3d 374, 382-84 (2d Cir. 2000), rev'd on other grounds, 534 U.S. 61 (2001) (holding that a proposed amended complaint seeking to assert claims barred by the statute of limitations is futile and must be denied). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court and is not subject to review on appeal except for abuse of discretion. Nettis v. Levitt, 241 F.3d 186, 192 (2d Cir. 2001).

"'The nonmovant has the burden of showing that the proposed amendment would be futile.'" Zink v. First Niagara Bank, N.A., 13-CV-1076-A, 2015 WL 423221, at *2 (W.D.N.Y. Feb. 2, 2015) (quoting Youngbloods v. BMG Music, 07 Civ. 2394 (GBD/KNF), 2011 WL 43510, at *9 (S.D.N.Y. Jan. 6, 2011). "'If a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Id. (quoting Wright, Miller, Kane, et. al., Federal Practice & Procedure (Civil) § 1487 (3d ed. 2014)).

### III. Discussion

Plaintiffs seek to amend their complaint to reflect their settlement with the County defendants and dismissal by the Court of certain claims in the original complaint by removing the causes of action that have been dismissed by this Court, removing from the County defendants from the claims that remain, and adding the BOCES defendants to certain claims. See generally Dkt. Nos. 87-1; 119. Specifically, as to the claims that remain following this Court's August 29, 2016 Decision and Order (Dkt. No. 59),

plaintiffs seek to (1) add the BOCES defendants to their claim for retaliation for intimate association pursuant to 42 U.S.C. § 1983 on behalf of plaintiff Rachel M. Rissetto, (2) remove County defendants from plaintiff Paul J. Rissetto's claim pursuant to 42 U.S.C. § 1983, (3) add BOCES defendants to their claim for defamation on behalf of Paul. J. Rissetto, (4) remove County defendants from their claim for tortious interference with contract on behalf of Rachel M. Rissetto, (5) remove County defendants from their claim for loss of consortium on behalf of Paul J. Rissetto; (6) remove County defendants from their claim for loss of consortium on behalf of Rachel M. Rissetto; and (7) reasonable attorneys fees and costs on behalf of both plaintiffs. Dkt. No. 87, 119.[3] Further, plaintiffs seek to add a new claim for retaliation pursuant to New York Civil Service Law § 75-b on behalf of Rachel M. Rissetto.[4]

## A. Rule 8

In two cursory paragraphs, without providing any additional argument or support, defendants ask this Court to deny plaintiffs' motion to amend due to their apparent disregard of Rule 8 of the Fed. R. Civ. P. Dkt. No. 92 at 6-7. Although plaintiffs' proposed amended complaint is still significantly lengthy and "'a model of neither clarity

---

[3] Defendants provide that they "are not opposing any request to amend the Complaint which merely seeks to remove causes of action or claims that were previously dismissed by this Court's Decision and Order in response to the various motions to dismiss, to remove the 'Sheriff's Department of the County of Clinton' from the caption and complaint as a named defendant, or to correct the plaintiffs' addresses as referenced in paragraphs 1-7 of the proposed Amended Complaint." Dkt. No. 92 at 6.

[4] Defendants provide that they "are not opposing any request to amend the Complaint which merely seeks to remove causes of action or claims that were previously dismissed by this Court's Decision and Order in response to the various motions to dismiss, to remove the 'Sheriff's Department of the County of Clinton' from the caption and complaint as a named defendant, or to correct the plaintiffs' addresses as referenced in paragraphs 1-7 of the proposed Amended Complaint." Dkt. No. 92 at 6.

nor brevity,'" defendants have not shown that they are unable to respond or that it does not provide them with notice of the claims against them. See Dkt. No. 59 at 45 (citing Wydner v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004). Thus, the Court declines to deny the motion on this ground.

### B. New York Civil Service § 75-b

Defendants contend that plaintiff Rachel Rissetto's claim for retaliation under the New York Civil Service Law § 75-b is futile because it is barred by the General Municipal Law. Dkt. Nos. 92. Plaintiff argues that "no notice of claim, pursuant to General Municipal Law §§ 50-e, i, is required for a Civil Service Law § 75-b [claim] . . . so Plaintiff Paul J. Rissetto's Civil Service Law claim cannot be deemed futile on this ground." Dkt. No. 93 at 11.[5]

A claim is "futile," in the context of Rule 15, if it "'could not withstand a motion to dismiss under Rule 12(b).'" Crosby v. New York State Office for People with Developmental Disabilities, No. 14-CV-656A(F), 2015 WL 5542517, at *6 (W.D.N.Y. Sept. 18, 2015) (quoting Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). In Castro v. City of New York, 141 A.D.3d 456, 36 N.Y.S. 3d 113 (N.Y. App. Div. 2016), cited by plaintiffs, the New York State Supreme Court, Appellate Division, First Department held that a notice of claim is not required for a Civil Service Law § 75-b claim as "§ 75-b claims are not tort actions under [General

---

[5] Defendants do not address the argument that § 75-b claims are excluded from the notice of claim requirements in their Sur-reply. See generally Dkt. No. 97-3.

5

Municipal Law] section 50-e and are not personal injury, wrongful death, or damage to personal property claims under section 50-i, and there is no reason to encumber the filing of a retaliatory termination claim." Id. at 458 (citing Margerum v. City of Buffalo, 24 N.Y.3d 731 (N.Y. 2015)). The Court agrees that New York State precedent directs that a notice of claim is not required for a Civil Service Law § 75-b claim. Thus, the Court does not find futility on this ground.

As the defendants raise no other arguments as to futility and do not argue that the Motion to Amend is untimely,[6] filed in bad faith or with dilatory motive on the part of the movant, or would cause them undue prejudice, and have not shown – nor has the Court found – any reason as to why the proposed amended complaint should be denied, the Court grants plaintiffs' Motion to Amend the complaint. See, e.g., Gesualdi v. Baywood Concrete Corp, 11-CV-4080 (DRH/AKT), 2014 WL 4659265, at *3 (E.D.N.Y. Sept. 17, 2014) (" . . . [the defendant] does not argue that the proposed amendment would cause undue prejudice. Therefore, it need be determined only whether Plaintiff's proposed amendment is futile.").

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is **HEREBY ORDERED**, that plaintiffs' Motion to Amend the Verified Complaint (Dkt. Nos. 87, 119) is **GRANTED**; and it is further

---

[6] Apart from their timeliness argument as it relates to the Notice of Claim and New York State General Municipal Law issue, the Court can discern no other timeliness argument. See generally Dkt. No. 92.

**ORDERED**, that, within **five (5)** days of the date of entry of this Memorandum-Decision and Order, plaintiffs must file an amended complaint that reflects the changes allowed by this Memorandum-Decision and Order insofar as this Court has permitted removal of the County Defendants, addition of the BOCES defendants to certain causes of action, and addition of the New York Civil Service Law §75-b claim, but makes *no additional changes* to the proposed amended complaint filed at Dkt. No. 87; and it is further

**ORDERED**, that, once plaintiffs file the updated amended complaint, the Clerk of the Court is directed to create a new docket entry for the amended complaint; and it is further

**ORDERED**, that, once plaintiffs have filed the updated amended complaint, defendants must respond to the amended complaint, within the time frame set forth within the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision on Order on the parties.

**IT IS SO ORDERED**.

Dated: September 27, 2017
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge